**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Regina M. Rodriguez**

Civil Action No. 26-cv-04241-RMR

OSCAR LOPEZ GOMEZ,

Petitioner,

v.

JUAN BALTAZAR, Warden, Denver Contract Detention Facility, Aurora, Colorado,
TODD BLANCHE, United States Attorney General,
DAVID J. VENTURELLA, Acting Director, United States Immigration and Customs Enforcement,
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, and
GEORGE VALDEZ, Field Office Director, Denver Field Office, Immigration and Customs Enforcement,

Respondents.

---

**ORDER**

---

Petitioner Oscar Lopez Gomez ("Petitioner") is currently detained at the Denver ICE Contract Facility located in Aurora, Colorado. ECF No. 1 at 2. He filed his Petition for Writ of Habeas Corpus ("Petition") on September 9, 2026. ECF No. 1. Respondents filed a response on September 24, 2026. ECF No. 8.

Petitioner is a Colombian national. ECF No. 1 at 6. He was admitted to the United States on or about June 12, 2023, with a tourist visa. *Id.* Petitioner filed for Asylum on December 18, 2023. *Id.* Petitioner alleges on or about May 9, 2026, Respondent detaind him without a warrant and without probable cause. *Id.* Respondents arrested him after

the Florida State Court granted him bond and ordered him released from custody, and he was transferred to immigration custody. *Id.*

Petitioner asserts constitutional and statutory claims, *see* ECF No. 1 at 21–24, seeking a bond hearing or immediate release, *see generally id*. The relief requested by Petitioner and the legal claims and arguments upon which it's premised, are familiar to the Court and the parties. Respondents "are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case." ECF No. 8 at 1-2. Respondents submit that if the Court grants the Petition, "the appropriate relief would be an Order directing that Respondents, within seven days of this Court's Order, provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), or else release Petitioner." *Id.* at 2.

Given this response, the Petition is granted. With respect to the appropriate relief, this Court has previously granted similar petitions and ordered Respondents to provide those petitioners with a bond hearing where the "Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified." *See Tzompa Garcia v. Baltazar*, No. 26-CV-2713-RMR, 2026 WL 2240137, at *1 (D. Colo. Aug. 4, 2026); *see also A.A.G.R. v. Baltazar*, No. 26-CV-02344-RMR, 2026 WL 2110577, at *2 (D. Colo. July 22, 2026). Several of these bond hearings were not compliant with the Court's orders, specifically with respect to applying the "clear and convincing" standard. *Tzompa Garcia*, 2026 WL 2240137, at *3; *A.A.G.R.*, 2026 WL 2110577, at *3. Other courts in this District have also expressed "concern[] that the immigration courts are not affording immigrants

fair bond hearings," as "the mounting evidence that bond determination hearings conducted in Immigration Court under § 1226(a) have preordained outcomes has become impossible to ignore." *Pal v. Lyons,* 2026 WL 937962, at *4 (D. Colo. Apr. 7, 2025); *see also Quiroz Zacarias v. Mullin,* 2026 WL 1092162, at *4-*5 (D. Colo. Apr. 22, 2026); *see also Asfir v. Blanche*, No. 26-cv-01435-GPG (D. Colo. July 2, 2026). Given this reality, the Court finds Petitioner's immediate release is the appropriate remedy. *See Santillan Quiroz*, 2026 WL 1876709, at *17 n.13 (contemplating the district court should "order the Government to, within seven days of such order, either provide [the petitioner] with a bond hearing or else release him.").

**CONCLUSION**

For the reasons set forth above, IT IS ORDERED that:

1. The Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED**;
2. Respondents shall **IMMEDIATELY RELEASE** Petitioner on his own recognizance, along with all his personal belongings, without onerous conditions of release, including, without limitation, GPS monitoring, mandatory reporting, or other restrictions on his movement. Respondents shall facilitate Petitioner's transportation from the detention facility by providing all necessary identity and travel documents to return to his primary address;
3. Respondents are **ENJOINED** from re-arresting or re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that he is a flight risk or danger to the community such that his physical custody is legally justified pursuant to 8 U.S.C

§ 1226(a). At any such bond hearing, Respondents shall bear the burden of proof, and Petitioner shall be allowed to have counsel present. This injunction shall remain in effect until such time as this Court, or the Tenth Circuit Court of Appeals, vacates this Order;

4. During such periods of time as Petitioner remains in Respondents' custody, Respondents shall continue to be **ENJOINED** from removing, transferring, or causing the removal or transfer of Petitioner from the District of Colorado until such time as this Court, or the Tenth Circuit Court of Appeals, vacates this Order; and
5. On or before **October 1, 2026**, Respondents shall file a status report certifying compliance with this Order.

DATED: September 24, 2026

BY THE COURT:



REGINA M. RODRIGUEZ
United States District Judge